ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2005 DEC 28 PM 2: 24

AUGUSTA DIVISION

CLERK _____
SO. DIST. OF GA.

TRACY ANTHONY MILLER,         )
                              )
    Plaintiff,                )
                              )
v.                            )   CV 105-153
                              )
JAMES DONALD, Commissioner, et al., )
                              )
    Defendants.               )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Accordingly, I **ADOPT** the Magistrate Judge's Report and Recommendation in its entirety as my own opinion. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**, and this case is **DISMISSED** without prejudice. The Court also **DEEMS** Plaintiff an abusive, serial filer and imposes "28 U.S.C. § 1915(g)-*plus*" sanctions against him.

Thus, the Clerk of Court is **DIRECTED** as follows: *Until Plaintiff pays his existing filing fee debt to the Court*, all papers he tenders hereafter, including letters, **SHALL** be returned to him unfiled, except: (1) filings in criminal proceedings brought against him, (2) a timely filed motion for reconsideration showing why sanctions should be imposed against him, and (3) any filing that argues that Plaintiff has been denied access to the state courts of Georgia. Any papers which fit into one of these three categories shall be referred directly to the Honorable B. Avant Edenfield, United States District Judge, for exclusive treatment.

However, the Court will address Plaintiff's objections. (Doc. nos. 5-7). First, it is apparent that Plaintiff has attempted to use objections to the Report and Recommendation as a vehicle for personal (and baseless) attacks on the Magistrate Judge. Among them, Plaintiff contends: (1) the Magistrate Judge has taken bribes from Defendants (doc. no. 6, p. 3); (2) the Magistrate Judge is motivated by racial bias against Black inmates (doc. no. 5, pp. 2, 18); and (3) the Magistrate Judge rejected Plaintiff's complaint without reading it (id. at 18). "Such writings are intolerable, and [the Court] will not tolerate them." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005); see also In re Mann, 229 F.3d 657, 659 (7th Cir. 2000)("Litigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary. Such abusive conduct will not be tolerated, not even from a *pro se* litigant."). As the former Fifth Circuit aptly expressed:

> This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.

Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978)(*per curiam*). Thus, Plaintiff's own objections undercut his assertion that sanctions should not be imposed.

The lion's share of Plaintiff's remaining objections are either frivolous or incomprehensible, and accordingly rejected without comment. Nevertheless, the Court will address Plaintiff's assertion that the Court lacks the authority to impose injunctive sanctions. In crafting the § 1915(g)-*plus* sanction regime, Judge Edenfield followed the example set by the Seventh Circuit in Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999). However, the

practice of barring vexatious litigants from proceeding *in forma pauperis* is not limited to this Court or the Seventh Circuit. Indeed, the practice has been utilized by the Supreme Court since at least 1989. See In re McDonald, 489 U.S. 180, 184-85 (1989)(*per curiam*). In many cases, the Supreme Court has directed its Clerk to stop accepting petitions in non-criminal cases from an abusive litigant unless and until the petitioner pays the docket fee. See Martin v. District of Columbia Court of Appeals, 506 U.S. 1, 3-4 (1992)(*per curiam*). In this year alone, the Supreme Court has enjoined at least sixteen (16) serial writ filers from proceeding *in forma pauperis* before it.[1] Furthermore, the practice of enjoining a serial filer from continued filing of frivolous papers has been universally endorsed by the Courts of Appeals.[2]

Simply put, as the Tenth Circuit observed, "[t]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994)(*per curiam*). Moreover, proceeding *in forma pauperis* "is a privilege, not

---

[1] See Wells v. City of Beverly Hills, __ U.S. __, 126 S. Ct. 152 (2005); Taylor v. Milton, __ U.S. __, 126 S. Ct. 185 (2005); In re Ananda, __ U.S. __, 126 S. Ct. 250 (2005); Owens-El v. Davis, __ U.S. __, 126 S. Ct. 293 (2005); Sedgwick v. United States, __ U.S. __, 126 S. Ct. 306 (2005); Whitehead v. Wickham, __ U.S. __, 126 S. Ct. 400 (2005); Taylor v. Wilson, __ U.S. __, 126 S. Ct. 59 (2005); Jones v. Birkett, __ U.S. __, 125 S. Ct. 2911 (2005); Lundhal v. Eli Lilly & Co., __ U.S. __, 125 S. Ct. 1940 (2005); Reed v. Arizona, __ U.S. __, 125 S. Ct. 1838 (2005); Harvey v. United States, __ U.S. __, 125 S. Ct. 1388 (2005); In re Carter, __ U.S. __, 125 S. Ct. 1104 (2005); Pelligrino v. Janklow, __ U.S. __, 125 S. Ct. 897 (2005); Hood v. Beck, __ U.S. __, 125 S. Ct. 922 (2005); Okoro v. Hemingway, __ U.S. __, 125 S. Ct. 923 (2005); McConico v. City of Birmingham, __ U.S. __, 125 S. Ct. 928 (2005).

[2] See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005); United States v. Lewis, 411 F.3d 838, 844 (7th Cir. 2005); Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 528-29 (2d Cir. 2005); Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 818 (4th Cir. 2004); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002); Tropf v. Fidelity Nat'l Ins. Co., 289 F.3d 929, 940 (6th Cir. 2002); Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); Howard v. Mail-Well Envelope Co., 150 F.3d 1227, 1232 (10th Cir. 1998); Matter of United Markets Int'l, Inc., 24 F.3d 650, 655-56 (5th Cir. 1994); Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993); In re Tyler, 839 F.2d 1290, 1295 (8th Cir. 1988); Urban v. United Nations, 768 F.2d 1497, 1499-1500 (D.C. Cir. 1985).

a right--fundamental or otherwise." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998). That said, "[a]n injunction designed to protect against 'abusive and vexatious litigation' cannot completely foreclose a litigant from any access to the courts." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002)(quoting Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993)). Thus, injunctive sanctions should be imposed carefully and with circumspection. Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986)(*en banc*). Nonetheless, "[c]onsiderable discretion necessarily is reposed in the district court." Id. at 1074. Indeed, if necessary, a litigant "may be 'severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from *any* access to the court.'" Traylor v. City of Atlanta, 805 F.2d 1420, 1421-22 (11th Cir. 1986)(*per curiam*)(quoting Procup, 792 F.2d at 1074).

The imposition of *plus* sanctions, while admittedly harsh, is proper in this case for the reasons explained in the Magistrate Judge's Report and Recommendation. The Court has been careful to leave Plaintiff access to the Georgia state courts,[3] and has explicitly excepted any claim that Plaintiff has been denied access to the state courts (as well as any filing in a criminal proceeding against Plaintiff) from the ambit of its injunction. Moreover, the *plus* sanction only applies until such time as Plaintiff pays his existing fee debt to the Court. It is not unusual to enjoin abusive litigants from filing additional lawsuits until they have paid

---

[3]The Court's inherent authority under Article III extends to empower it to enjoin litigants from filing vexatious actions in state court. See, e.g., United States v. Lewis, 411 F.3d 838, 845 (7th Cir. 2005); Riccard, 307 F.3d at 1299 n.16; Newby v. Enron Corp., 302 F.3d 295, 301 (5th Cir. 2002).

sanctions previously entered against them or other fees owed to the Court.[4,5] See, e.g., Sloan, 181 F.3d at 859; Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986); Schiff v. Simon & Schuster, Inc., 766 F.2d 61, 62 (2d Cir. 1985); Hacopian v. Dep't of Labor, 709 F.2d 1295, 1296-97 (9th Cir. 1983).  It is time Plaintiff learned that, "[l]ike any other pastime, recreational litigation has its price." Matter of United Markets Int'l, Inc., 24 F.3d 650, 656 (5th Cir. 1994)(quoting Gelabert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990)).  Simply put, as the Magistrate Judge correctly concluded, "[t]he time has come to take the rattle from the baby." Washington v. Alaimo, 934 F. Supp. 1395, 1400 (S.D. 1996).

SO ORDERED this 28th day of December, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Similarly, in Washington v. Alaimo, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996), this Court required a vexatious prisoner litigant to post a $1,500.00 contempt bond before filing any lawsuit in federal court.

[5]To the extent Plaintiff may argue that it is unfair to impose a monetary sanction against a *pro se* litigant proceeding *in forma pauperis*, the Court disagrees. See, e.g., Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994); Mayfield v. Klevenhagen, 941 F.2d 346, 349 (5th Cir. 1991); Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989); Mungin v. Stephens, 164 F.R.D. 275, 281 (S.D. Ga. 1995)(Alaimo, J.)("There are certain instances where dismissal is appropriate for failure to pay a court-ordered sanction even though the party lacks the ability to do so.").